# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANNA TIRADO-HANNON,** | |
| Plaintiff, | Civil Action No.: |
| vs. | |
| **ARAMARK FOOD & SUP SERVICES, ARAMARK SERVICES, INC., and JOHN DOE ENTITIES 1 THROUGH 10, all whose true names are unknown,** | **COLLECTIVE ACTION COMPLAINT** **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Anna Tirado-Hannon ("Plaintiff" or "Tirado-Hannon"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendant Aramark Food & SUP Services, Aramark Services, Inc., and John Doe Corporations, ( "Aramark" or "Defendants"), and alleges as follows:

## **INTRODUCTION**

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.      Plaintiff brings this lawsuit against Defendants as a collective action, on behalf of herself and all other persons similarly situated – non-exempt assistant directors- who suffered damages as a result of Defendant's violations of the FLSA, pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. At all times material hereto, Plaintiff performed work as an assistant director of food services for the Defendant in New Jersey and based from the Ocean County Jail in Toms River, Ocean County, NJ.  Defendant is therefore within the jurisdiction and venue of this Court.

6.      At all times pertinent to this Complaint, the Defendant, Aramark Corporation, was and remains an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Specifically, Defendant routinely transports goods through state lines for their clients' ultimate consumption and Defendant is thus directly engaged in interstate commerce.

7.   At all times pertinent to this Complaint, the Defendant, Aramark Services, Inc., was and remains and enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Specifically, Defendant routinely transports goods through state lines for their clients' ultimate consumption and Defendant is thus directly engaged in interstate commerce.

8.      At all times pertinent to this Complaint, the Defendants, John Doe Entities 1 through 10 were and remain enterprises engaged in interstate commerce or in the production of goods for interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

Specifically, Defendants routinely transports goods through state lines for their clients' ultimate consumption and Defendants are thus directly engaged in interstate commerce.

9.      Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to perform their work for Defendants.  Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

10.      Plaintiff Tirado-Hannon is an adult individual who resides in Bricktown, Ocean County, New Jersey.

11.      Plaintiff Tirado-Hannon was employed by Defendants, full time, as an "assistant director" from in or about February 2015, through in or about March 2017.

12.      Upon information and belief, the Defendants own and/or operate a multinational corporation, which provides, amongst other services, environmentally conscious food and facility services, to educational, healthcare, business, corrections and leisure facilities throughout the globe. In addition to its operations in North America (United States and Canada), Aramark operates in an  additional 20 countries, including the United Kingdom, Philippines, South Korea, Chile, Ireland, and Spain.

13.      Upon information and belief, the Defendant, Aramark, is headquartered in Philadelphia, Pennsylvania.

14.      Upon information and belief, at all times relevant to this Complaint, the Defendant Aramark, employs individuals to perform labor services on its behalf.

15.      Upon information and belief, at all times relevant to this Complaint, Aramark's annual gross volume of sales made or business done was not less than $500,000.00.

16.     At all times relevant to this Complaint, the Defendant Aramark, is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## FACTS

17.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for her overtime hours she worked in a work week.

18.     Plaintiff Tirado-Hannon was improperly paid a salary for her hours worked.

19.     Plaintiff routinely worked six (6) days per week.

20.     Plaintiff routinely worked conservatively sixty five (65) hours per week.

21.     Upon information and belief, Defendants did not pay Plaintiff at one and one half times her regular rate of pay for her overtime hours worked in each work week.

22.     Upon information and belief, employees similarly situated to Plaintiff were also improperly compensated.

23.     Plaintiff Tirado-Hannon was primarily responsible for ensuring timely delivery of meals to inmates at the Ocean County Jail.

24.     Plaintiff's job duties consisted of ordering food supplies, supervising the other Aramark employees that were assisting her with food services, submitting payroll, which was already calculated when she received it, unloading food supplies, and ensuring the inmates were assembled to serve the food.

25.     Plaintiff was not authorized to and did not hire Aramark employees that worked at Ocean County Jail.

26.     Plaintiff was not authorized to and did not fire Aramark employees that worked at Ocean County Jail.

27.     Plaintiff was not authorized to and did not set Aramark's, Ocean County Jail, employees' work schedules.

28.     Plaintiff was not authorized to and did not set Aramark Ocean County Jail employees' rates of pay.

29.     Plaintiff spent approximately eighty percent (80%) of her time performing the same job duties as the rest of the Aramark Ocean County Jail employees, specifically unloading food product, preparing it, and getting it distributed in a timely manner.

30.     Upon information and belief, like Plaintiff, similarly situated assistant directors also performed similar job duties as Plaintiff.

31.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

32.     At all times material hereto, Plaintiff and similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

33.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

34.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

35.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

36.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed

services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

37.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after March 20, 2018.

38.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

<u>COUNT I</u>
<u>RECOVERY OF OVERTIME COMPENSATION</u>
<u>PURSUANT TO THE FLSA</u>

39.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 38 above.

40.     Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work week.

41.     Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for her overtime hours worked in a work week.

42.     All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

43.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

44.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidate damages.

**COUNT II**
**RECOVERY OF OVERTIME WAGES**
**PURSUANT TO THE NJWHL**

45.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 44 above.

46.     Defendants' aforementioned conduct is in violation of the NJWHL.

47.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

**JURY TRIAL**

48.     Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, Anna Tirado-Hannon, and those similarly situated employees, demand judgment, against Defendants Aramark Food & SUP Services, Aramark Services, Inc., and John Doe Corporations, for the payment of compensation for all overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 4, 2018                          Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306

Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*